## FRANKLIN O. SAYLES vs. PETER BRIGGS.

In an action for a malicious prosecution, the plaintiff must prove by the record, or a copy thereof, the proceedings in the prosecution against him, and his acquittal.

In an action for malicious prosecution, the plaintiff counted on three distinct prosecutions, on the same day, before a justice of the peace, and three acquittals; but the justice's record showed an arraignment and discharge of the plaintiff in one case only. *Held*, that parol evidence was not admissible to show that the plaintiff was prosecuted, arraigned and discharged on three complaints, although the justice was no longer in office and had declined to make up any further record of the proceedings.

TRESPASS upon the case for malicious prosecution. The declaration contained three counts, charging three distinct prosecutions of the plaintiff by the defendant.

To support the first and second counts, the plaintiff gave in evidence two several complaints to a magistrate, signed and sworn to by the defendant; one of them charging the plaintiff with forging an execution in favor of the defendant against Henry Burton, and the other charging the plaintiff with forging a complaint and warrant against John Reed and his wife; also two several warrants, issued by the magistrate, on said complaints, upon which warrants the plaintiff was arrested. These complaints and warrants were dated February 12th 1839.

To support the third count, the plaintiff gave in evidence a complaint to a magistrate, signed and sworn to by the defendant, charging the plaintiff with forging a record of a magistrate; but he did not give in evidence any warrant issued on said complaint, nor prove that he was arrested and held to answer to the complaint, except by parol testimony.

The plaintiff was arraigned before a justice of the peace, who made the following record, and no other, of the proceedings before him : " Berkshire ss.   At a justice's court holden before me, at house of Franklin Bartlett, in Adams, on Wednesday, 13th day of February 1839, at one of the clock in the afternoon, Commonwealth *vs.* Franklin O. Sayles, on the complaint of Peter Briggs, Esq., for forgery.   After full hearing in *the case*, the complainant withdrew his prosecution, and it was thereupon ordered by me the said justice, that the said Franklin O. be discharged."

The plaintiff offered parol testimony of the said justice and others, that he was arraigned on all the aforesaid complaints, and pleaded to the same, and that a hearing thereon was had before said justice, who discharged the plaintiff. The defendant oh jected to the admission of this testimony. But, as it appeared that no record had been made, by said justice, of the proceed ings had before him, except that above set forth; and as it further appeared that said justice was no longer a justice of the peace under the commission held by him at the time of the trial and hearing of said cases before him, and that he had declined to qualify himself as a justice under a new commission which he had since received, and had also declined to make any further record in relation to said proceedings; the judge, before whom the trial was had, ruled that it was competent for the plaintiff to introduce parol evidence, if not contradictory to said record, to prove the issuing of the warrant on the third complaint, and also that the plaintiff was arraigned on all said complaints, and pleaded to the same, and that, upon a hearing before said justice, he was, by said justice, discharged therefrom. The proposed evidence was thereupon admitted, and a general verdict was re-turned for the plaintiff, which is to be set aside, and a new trial granted, if said ruling was erroneous.

*Porter & Rockwell*, for the defendant.

*Bishop & Byington*, for the plaintiff.

HUBBARD, J. To sustain an action for malicious prosecu-tion, it is necessary for the plaintiff to give evidence, by the production of the record, or a true copy of it, of the proceed-ings and an acquittal of the charge, with the further proof that the accusation was malicious and without probable cause. Bul. N. P. 13 – 15. *Stone v. Crocker*, 24 Pick. 87.

In the present case, the plaintiff has alleged three distinct prosecutions against him, which he has set forth in several counts. To support the first and second counts, he introduced the complaints, signed and sworn to by the defendant, (charging him with the crime of forgery,) the warrants and the arrest of the plaintiff thereon, and the entry of the magistrate, stating that after a full hearing of the case, the complainant withdrew his

prosecution, and it was therefore ordered that the said Franklin O. (the plaintiff) be discharged.

To support the third count, the plaintiff introduced a complaint only, and showed no warrant or arrest, and no other record of a discharge than the one above mentioned. But he was allowed to prove by parol testimony, that he was arraigned on the three complaints and pleaded to the same, and was discharged by the examining magistrate. No evidence was offered tending to show that the warrant or record had been lost, and no minutes of the proceedings were produced, other than the entry or record aforesaid. And the magistrate, before whom the examination took place, declined making any other or further record. The jury returned a general verdict for the plaintiff. The parol evidence, which was admitted to prove the issuing of the third warrant, the arraignment on all the complaints, and the discharge therefrom, was objected to by the defendant, and the question for consideration is, whether it was properly admitted. The ground of the admission was, that it was not contradictory to the record.

A record is a memorial or history of the judicial proceedings in a case, commencing with the writ or complaint, and terminating with the judgment ; and the design is, not merely to settle the particular question in difference between the parties, or the government and the subject, but to furnish fixed and determinate rules and precedents for all future like cases. A record, therefore, must be precise and clear, containing proof within itself of every important fact on which the judgment rests ; and it cannot exist partly in writing and partly in parol. Its allegations and facts are not the subject of contradiction. They are received as the truth itself, and no averment can be made against them, nor can they be varied by parol. Co. Lit. 260 *a.* Com. Dig. Record, A. F. A departure from this rule, in permitting the introduction of parol testimony, to add to the record, in cases where it professed not to contradict it, would not only lead to uncertainty and confusion, but would end in the subversion of the excellent system of law which rests upon established precedents.

But records, like other documents, are exposed to casualties, and, like them, may also be misplaced or lost; or owing to the accidents which continually occur, the record may not, in a given instance, have been extended from the minutes of the proceedings. And the cases are abundant to show that a lost record, like a lost deed, may be proved by parol; and that the minutes may be introduced, where the record has not been drawn out *in extenso*, as containing the elements of the record, and, in truth, for the time being, the record itself. 2 Saund. Pl. & Ev. 661. *Davidson* v. *Slocomb*, 18 Pick. 466.

If this were not the rule, substantial injustice might be done to innocent parties, who had no duty to perform in making up the records, and were not charged with the care of their preservati n.

To avoid the objection, that this was an attempt to vary the record by the introduction of parol evidence, it has been argued that the record may be presumed to be lost, and so parol evidence should be admitted to prove its contents. The doctrine of presumptions proceeds upon the existence of acknowledged facts and circumstances, which suppose the preëxistence of other facts not capable of proof—usually from length of time — but which are necessarily connected with those that are ascertained, and so may legally be inferred. But in the present case, no facts or circumstances were introduced tending to prove either the loss of records, or the existence of any other record than the one produced; nor any minutes, from which another record might be completed. On the other hand, it appears that no record, other than the one in evidence, was ever made, and that no minutes were taken, at the time of the alleged trial, from which such further record could be made. It is impracticable, therefore, to support the introduction of this testimony on the ground that the record or a part of it was lost.

Again it is argued, that this testimony should be received from necessity, as there is no way by which the plaintiff can obtain redress; and that this is the best evidence which now exists. But in my judgment, it will be productive of far less mischief for an individual to suffer from the neglect or misfortune

of an officer in not making a judicial record, than to establish a precedent that the record itself, or a part of it, may be proved by parol — that it may speak one language today and another tomorrow, depending on the different witnesses who are called, or on their changing recollections. And without prescribing a rule for a case, where a magistrate might, by the act of God, be deprived of the opportunity of making even any minutes of proceedings before him, from which a record could be made, (if such a case should ever occur,) we are of opinion that the want of a judicial record cannot be supplied by parol evidence ; and that the rules which apply to the admission of testimony to prove the contents of a lost record, or to the introduction of minutes by which the record may be extended, have no real bearing on a case like the present, where no such loss ever took place, and no such minutes were ever made.

A party who is to be affected by the record, will, in the exercise of ordinary care, see that it is correctly made up ; and if the officer should neglect or refuse to perform his duty, he can be compelled by mandamus to make the true record.

The plaintiff, to sustain his allegations of acquittal from the charges against him, resorted to the record of discharge, actually made by the magistrate, contending that it applied as well to the two last prosecutions as to the first. But we are satisfied that this record, by the terms of it, is applicable to one complaint and one prosecution, and cannot be extended to more than one complaint. The other complaints cannot be connected with it, unless the record itself is altered and enlarged by parol evidence, which, if admitted, would be a permission to aver and prove contrary to the record ; which cannot be allowed.

There is, then, no record of an acquittal on the charge contained in the second count, nor of the issuing of a warrant, or of an acquittal, on the third count ; and, for the reasons given, the want of such a record cannot be supplied by parol proof.

It has been argued that the plaintiff's action cannot be maintained, because it appears by the record that the complainant withdrew his prosecution, and it was thereupon ordered that the said Sayles be discharged ; and that this furnishes no legal proof

36 *

of an acquittal. But we are of opinion, that, as from the limited nature of the jurisdiction, the magistrate could only bind over, or discharge the person accused, the discharge in this case is equivalent to an acquittal, and that the plaintiff is entitled to avail himself of it, as evidence to sustain the allegation, in the first count of the declaration, of his being acquitted of the charge against him.

As the parol testimony ought not to have been admitted, the verdict must be set aside, and a new trial granted.

We think the record of the trial contains satisfactory proof of the prosecution by the defendant, and of the plaintiff's acquittal; and, upon proper evidence being given of malice on the part of the defendant, and want of probable cause, the action can well be supported on the first count.

*Verdict set aside and a new trial granted.*